*C. I. Carey*, contra.

---

4879.   MAYOR AND COUNCIL OF MACON v. LEONARD.

No error of law appears, and the evidence fully supports the verdict.

DECIDED SEPTEMBER 9, 1913.

Action for damages; from city court of Macon—Judge Hodges. April 3, 1913.

*Andrew W. Lane, Robert W. Barnes*, for plaintiff in error.

*Napier, Maynard & Plunkett*, contra.

HILL, C. J.   Annie Leonard sued the mayor and council of the City of Macon for damages on account of personal injuries, alleged to have been sustained as a result of negligence of the defendant in allowing a hole to exist in the sidewalk of a street of the city.

A verdict of $500 was rendered in her favor, and the defendant filed a motion for a new trial, which was overruled. The only question involved in the record arises upon the construction of section 2 of the act of 1903, amending the charter of the City of Macon, under which act the territory where the alleged injury occurred was incorporated and became a part of the City of Macon. Acts 1903, p. 579. The first section of this act extends the corporate limits so as to embrace certain territory therein described, and the second section of the act provides: "The mayor and council of the City of Macon shall have full power and authority, and are hereby vested with power and authority to select, lay out, and name such of the roads and alleys in the territory hereinbefore set forth, to be adopted and known as streets and public alleys of the City of Macon. The mayor and council of the City of Macon shall not be liable in any amount for any failure to keep in repair any of the roads or alleys in said territory, unless the same shall have been first selected, named and laid out as streets or alleys." It was conceded that the injury occurred on what is known as the corner of Third avenue and Middle street in this new territory, and the defense relied upon is that the mayor and council of the City of Macon had not, at the time of the alleged injury, selected, named, and laid out as streets, alleys, roads, avenues, and highways the streets in the territory where the injury was alleged to have occurred. The injury to the plaintiff occurred in July, 1912. It was admitted that during the nine preceding years (the period following the incorporation of the new territory) the City of Macon had exercised jurisdiction over this territory; that the city had a map of it, known as a "property map," which was made immediately after its incorporation into the city, and had adopted this map as indicating the territory thus incorporated, that the mayor and council of the city had placed sewers through this entire territory; that the police of the city patrolled it; that the street sanitary wagons made the usual visits to it; that the city collected taxes from the property owners in this territory; and that the streets and sidewalks in the territory were worked and kept in order by the city; in other words, that for the nine years the municipality had exercised full jurisdiction and authority over the territory as a part of the city. It is true that the city had not, by any affirmative act of the mayor and council, "selected, named, and

laid out as streets or alleys" the streets and alleys in this territory; but this, under the facts, we think is immaterial, for it is unquestionably true that the city had adopted and accepted the streets and alleys which had already been laid out and named in the territory when it was taken over by the city. In other words, there was no change in the names of the streets and no change in their location. The names and locations remained the same.

Under this evidence we think the trial judge very properly charged the jury that under the law, the streets and avenues in this territory, formally became avenues and streets of the City of Macon; and that the particular street where the injury occurred, being thus a street of the City of Macon, was governed by the law applicable to the other streets, alleys, and avenues in the city. We are of the opinion that incorporation during nine years under the act authorizing the incorporation of the territory aforesaid, and the acts of the city in collecting taxes and exercising jurisdiction over that territory during all that time, and in causing to be made a property map thereof, upon which appeared the streets, alleys, and highways in that territory as they existed and were designated before the incorporation, are sufficient to charge the city, as to them, with the liability imposed upon it with reference to other streets of the city. The city could not, by simply failing to go any further in the laying out and naming of streets, escape all liability for a failure to exercise that diligence which the law imposes on a municipality as to its streets, avenues, and public alleys.

*Judgment affirmed.*